JASMIJN BOL           *      NO. 2023-CA-0462

VERSUS             *

                        COURT OF APPEAL

BREDA, LLC          *     

                        FOURTH CIRCUIT

                           *

                        STATE OF LOUISIANA

             * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-03245, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
**On Application for Rehearing**

(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Abid Hussain
HUSSAIN LAW LLC
3445 N. Causeway Blvd
Suite 706
Metairie, LA 70002

       COUNSEL FOR PLAINTIFF/APPELLEE

Michael G. Bagneris
BAGNERIS PIEKSEN & ASSOCIATES, LLC
935 Gravier Street, Suite 2110
Suite 2110
New Orleans, LA 70112

       COUNSEL FOR DEFENDANT/APPELLANT

                      **REHEARING GRANTED;**
                      **TRIAL COURT MARCH 23, 2023**
                      **JUDGMENT AFFIRMED**
                      **FEBRUARY 28, 2024**

*TGC*
*JCL*
*DNA*

Appellee, Jasmijn Bol (hereinafter "Ms. Bol"), petitions this Court for a rehearing of our January 31, 2024 decision, reversing the trial court's March 23, 2023 judgment granting the motion for dissolution filed by Ms. Bol. This Court's decision to reverse the trial court was procedural and based on a lack of evidentiary support in the record that the trial court held a contradictory hearing prior to granting the motion for dissolution. We grant rehearing based upon newly provided information.

### Facts and Procedural History

The facts are set forth in our original opinion. *Bol v. Breda, LLC*, 2023-0462, pp. 1-3 (La.App. 4 Cir. 1/31/24), ___ So.3d ___, 2024 WL 370306 *1-2. On February 5, 2024, Ms. Bol filed an application for rehearing asserting that the trial court conducted a contradictory hearing on March 2, 2023. Ms. Bol attached correspondence from the trial court judge confirming that a contradictory hearing was held. The correspondence further details that the hearing was held by Zoom but because the court reporter did not stamp the physical record, it was not properly reflected. Upon receipt of the application for rehearing, this Court ordered

1

supplementation of the record with the transcript from the hearing on the motion for dissolution. On February 16, 2024, the record was supplemented with the March 2, 2023 hearing transcript.

Our original opinion reversed the trial court's judgment finding a procedural error occurred which necessitated a remand to the trial court to conduct a contradictory hearing. As a result of the supplementation of the record, we will now consider the merits of Michael Schexnayder's (hereinafter "Mr. Schexnayder") appeal of the trial court's March 23, 2023 judgment granting dissolution of Breda, LLC.

## Standard of Review

As stated in our original opinion, we review a trial court's finding that judicial dissolution is warranted, because it is not reasonably practicable to carry on the business, under a manifest error/clearly wrong standard of review. *S. Louisiana Ethanol L.L.C., v. CHS-SLE Land*, 2014-0127, p. 20 (La.App. 4 Cir. 2/4/15), 161 So.3d 83, 95.

## Discussion

"The formation and operation of limited liability companies in Louisiana is governed by La. R.S. 12:1301, et seq." *Pocket Billiards & Bar, LLC v. Fast & Affordable Coll. Student Movers, Inc.*, 2022-0109, p. 4 (La.App. 4 Cir. 8/10/22), 346 So.3d 399, 402 (quoting *In re Cat Island Club, L.L.C.*, 2011-1557, p. 4 (La.App. 3 Cir. 5/2/12), 94 So.3d 75, 78. "[U]pon dissolution the members [of a limited liability company] shall wind up the limited liability company's affairs. The windup…may be conducted by appointment of one or more liquidators… ."

2

La. R.S. 12:1336. After settlement of debts, any remaining assets shall be distributed in accordance with La. R.S. 12:1337.[1]

On appeal, Mr. Schexnayder challenges the trial court's judgment granting dissolution of Breda, LLC. Mr. Schexnayder argues that there are factual questions, surrounding the company's viability and Ms. Bol's legal right to seek dissolution, which makes judicial dissolution improper. We will address each issue in turn.

## Viability of the Company

Mr. Schexnayder contends that Breda, LLC remains a viable company because of its assets, which consists of four rental units. However, the codal articles do not explicitly outline factors for dissolution and we do not find that Mr. Schexnayder's assertion constitutes sufficient grounds to compel the parties to remain business partners. *See S. Louisiana Ethanol L.L.C.,* 2014-0127, p. 22, 161 So.3d at 96 (Noting that "factors considered for dissolution of a limited liability company are not delineated… ."); *See also Weinmann v. Duhon*, 2001-1267, p. 7

---

[1] La. R.S. 12:1337 provides:

> A. Upon the winding up of a limited liability company, any assets remaining after paying or adequately providing for the payment of all debts and liabilities of the limited liability company, including all costs and expenses of the liquidation and any and all contingent liabilities of which the members or liquidator has knowledge, shall be distributed as follows:
>
> (1) Except as provided in the articles of organization or a written operating agreement, to members or former members in satisfaction of liabilities for distributions under R.S. 12:1324 or 1325.
>
> (2) Except as provided in the articles of organization or a written operating agreement, to members and former members, first, for the return of their capital contributions, and secondly, respecting their membership interests, in the proportions in which the members share in distributions.
>
> B. In the event that there are contingent liabilities for which provision has been made as above, the members conducting the dissolution or liquidator shall not be dismissed until the contingent liabilities and debts have been paid or settled in full.

(La.App. 5 Cir. 3/26/02), 818 So.2d 206, 210 ("While the defendants assert that the dealership is viable and should not be destroyed by dissolution, that will not be the effect of terminating the company. The dealership is simply an asset owned by the company and that asset can be sold or otherwise transferred to different ownership upon dissolution of the limited liability company… ."). Although the company assets continue to be profitable, that has no bearing on whether judicial dissolution is warranted. La. R.S. 12:1335, does not require viability as a prerequisite to judicial dissolution if it is no longer reasonably practicable to carry on the business. Upon dissolution of Breda, LLC, the rental units may be transferred to either Ms. Bol or Mr. Schexnayder without diminution of the assets. We therefore find Mr. Schexnayder's argument unpersuasive.

### Right to Dissolution

Ms. Bol seeks dissolution under two statutes, La. R.S. 12:1334(4) and 12:1335. La. R.S. 12:1334(4) provides:

> Except as provided in the articles of organization or a written operating agreement, a limited liability company is dissolved and its affairs shall be wound up upon the first to occur of the following:
>
> (4) Entry of a decree of judicial dissolution under R.S. 12:1335.

La. R.S. 12:1335, provides:

> On application by or for a member, any court of competent jurisdiction may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement.

Mr. Schexnayder avers that the only mechanism by which Ms. Bol can seek judicial dissolution is through the provisions contained in a limited liability company's articles of incorporation or under the terms of an operating agreement.

4

La. R.S. 12:1335 provides for dissolution when it is not reasonably practicable to continue a limited liability company. Although the statute does not define "reasonably practicable," we apply and consider the general prevailing meaning within the context in which the phrase is used and the law as a whole. La. C.C. arts. 11 and 12. *S. Louisiana Ethanol L.L.C.*, 2014-0127, p. 23, 161 So.3d at 96 (This Court's agreement with the trial court's general prevailing meaning of "reasonably practicable," which the trial court defined as "capable of being put into practice or of being done or accomplished; feasible."). At the hearing, the trial court astutely noted that the acrimony between the parties created an unattainable working relationship. The parties disagree about critical financial matters regarding the company including each party's financial contribution towards property taxes; the amount of debt; and delinquent utility bills. Applying a manifest error standard of review, this Court does not reverse the factual findings of a trial court unless a reasonable basis does not exist for the trial court's factual determinations and the trial court's findings are clearly wrong. *Waters v. Oliver*, 2016-1262, p. 6 (La.App. 4 Cir. 6/22/17), 223 So.3d 37, 43. "When two permissible views of the evidence exist, the fact finder's choice cannot be clearly wrong or manifestly erroneous." *Causey v. New Orleans Reg'l Transit Auth.*, 2018-0983, p. 6 (La.App. 4 Cir. 3/20/19), 267 So.3d 187, 191 (citation omitted). The trial court made a factual determination, based upon the evidence presented and determined that the parties' acrimonious relationship will continue to create disagreements; thus, making continuation of the business not reasonably practicable. We find no error in the factual determination of the trial court.

## Conclusion

Based upon the record before this Court, the trial court did not err in granting Ms. Bol's motion for dissolution nor is it statutorily required. The viability of Breda, LLC is not sufficient grounds to prohibit dissolution. Further, we find that Ms. Bol has the legal right to seek judicial dissolution under La. R.S. 12:1334(4) and La. R.S. 12:1335. Accordingly, we grant rehearing and affirm the trial court's March 23, 2023 judgment.

**REHEARING GRANTED;**
**TRIAL COURT MARCH 23, 2023**
**JUDGMENT AFFIRMED**

6